UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Donald Wayne Gay, #244300, | ) C/A No. 3:12-2260-CMC-JRM |
| Plaintiff, | ) |
| v. | ) **Report and Recommendation** |
| City of Columbia Police Dept.; | ) |
| Robert J. Benson; | ) |
| Walter E. Bales; | ) |
| Joe Phillip Smith; | ) |
| Steve Rice; | ) |
| Thomas N. Thomas, *et al.*, | ) |
| Defendants. | ) |

### *Background of this Case*

Plaintiff is an inmate at the Lee Correctional Institution of the South Carolina Department of Corrections (SCDC). Plaintiff is serving a life sentence for murder. His conviction was entered in the Court of General Sessions for Richland County on September 26, 1997, in Case No. 96-GS-40-10472. The "lead" Defendant in this case is the City of Columbia Police Department. Defendants Robert J. Benson, Walter E. Bales, Joe Phillip Smith, and Thomas N. Thomas are investigators for the City of Columbia Police Department. Defendant Steve Rice is a detective for the City of Columbia Police Department.

The "STATEMENT OF CLAIM" portion of the Section 1983 Complaint reveals that this civil rights action arises out of an allegedly "Invalided [*sic*] Search and Seizure[.]" Plaintiff appears to be contending that the search warrant used in connection with his criminal case was not sworn

before a magistrate, but was sworn before a "Ministerial Recorder" for the City of Columbia. Plaintiff seeks eight hundred thousand dollars ($800,000) in damages from each Defendant.

## *Standard of Review*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review[1] has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 31–35 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519, 519 (1972)(*per curiam*); *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951, 953–56 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70, 71–74 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291, 1295–96 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980)(*per curiam*); *Cruz v. Beto*, 405 U.S. 319, 321–23 (1972)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, a plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Nonetheless, a litigant must plead factual content that allows the court to draw the reasonable inference that the defendant or respondent is plausibly liable, not merely possibly liable. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Even when considered under this less stringent standard, the Complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## *Discussion*

Plaintiff challenges the issuance of a search warrant in what appears to be his criminal case in which he was later convicted and sentenced for murder. As a result, the above-captioned civil rights action is subject to summary dismissal because a right of action has not accrued. *See Heck v. Humphrey*, 512 U.S. 477 (1994):

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. at 486–87 (footnote omitted).

Plaintiff's prior habeas corpus actions in this Court indicate that his conviction has not been reversed, vacated, set aside, or otherwise called into question. In *Donald Gay v. Anthony Padula, Warden of Lee C. I.*, Civil Action No. 3:07-4006-CMC-JRM, Plaintiff on December 13, 2007,[2]

---

[2] A prior habeas corpus action, *Donald Gay v. State of South Carolina, et al.*, Civil Action No. 3:07-2623-CMC-JRM, was dismissed *without prejudice* because Plaintiff did not bring the case into "proper form."

brought a habeas corpus action to challenge his conviction and life sentence for murder. In an order filed in Civil Action No. 3:07-4006-CMC-JRM, on December 26, 2007, the undersigned directed the respondent to file an answer or return. The respondent filed a return, memorandum, and motion for summary judgment on February 15, 2008.

The undersigned on February 21, 2008, issued a *Roseboro* order to apprise Plaintiff (who was the "petitioner" in Civil Action No. 3:07-4006-CMC-JRM) of the dispositive motion procedure. *See Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975). Plaintiff responded to the *Roseboro* order by filing a motion to withdraw petition and a motion to alter/amend petition. In a Report and Recommendation filed in Civil Action 3:07-4006-CMC-JRM on August 6, 2008, the undersigned recommended that the respondent's motion for summary judgment be granted and that Plaintiff's motion to alter/amend be denied.

The parties in Civil Action No. 3:07-4006-CMC-JRM were apprised of their right to file timely written objections to the Report and Recommendation and of the serious consequences of a failure to do so. After receiving an extension of time, Plaintiff on September 8, 2008, filed timely written objections to the Report and Recommendation.

In an Order filed in Civil Action No. 3:07-4006-CMC-JRM on September 10, 2008, the Honorable Cameron McGowan Currie, United States District Judge, adopted the Report and Recommendation, denied Plaintiff's motion to alter/amend, granted summary judgment to the respondent, and dismissed the case *with prejudice*. No appeal was filed in Civil Action No. 3:07-4006-CMC-JRM.

This Court may take judicial notice of Civil Action No. 3:07-4006-CMC-JRM. *See, e.g.*, *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most

frequent use of judicial notice is in noticing the content of court records.'"); *Aloe Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) ("'The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.'"); *Mann v. Peoples First National Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954) (approving district court's taking judicial notice of prior suit with same parties: "We think that the judge below was correct in holding that he could take judicial notice of the proceedings had before him in the prior suit to which Mann and the Distilling Company as well as the bank were parties.") Hence, Plaintiff's conviction has not been reversed, set aside, vacated, or otherwise called into question.

Plaintiff's allegations relating to the issuance of a search warrant by a ministerial recorder for the City of Columbia show no constitutional violation. The Municipal Court for the City of Columbia is a court in the State of South Carolina's unified judicial system. *See* S.C. Const. art. V, § 1 ("The judicial power shall be vested in a unified judicial system, which shall include a Supreme Court, a Court of Appeals, a Circuit Court, and such other courts of uniform jurisdiction as may be provided for by general law."); *City of Pickens v. Schmitz*, 376 S.E.2d 271, 272 (S.C. 1989); *Spartanburg Cnty. Dep't of Soc. Servs. v. Padgett*, 370 S.E.2d 872, 875–76 & n. 1 (S.C. 1988); *Cort Indus. Corp. v. Swirl, Inc.*, 213 S.E.2d 445, 446 (S.C. 1975).

Municipal court judges are judges in the State of South Carolina's unified judicial system. *See In the Matter of Wilder*, 516 S.E.2d 927 (S.C. 1999) (imposing public reprimand upon former municipal court judge and precluding him from seeking "future appointment to any judicial office within the unified judicial system of South Carolina unless authorized by this Court").

In civil rights actions in which Fourth Amendment issues relate to a conviction, *Heck v. Humphrey* is applicable. *See Ballenger v. Owens*, 352 F.3d 842, 845–47 (4th Cir. 2003); *Singleton v. 10 Unidentified U.S. Marshals*, Civil Action No. 2:11-1811-TLW-JDA, 2011 WL 4970779, *2 n. 4 (D.S.C. Sept. 1, 2011) (collecting cases), *adopted*, 2011 WL 5005271 (D.S.C. Oct. 19, 2011). Hence, Plaintiff's challenges to the search warrant issued in connection with his criminal case are encompassed by the holding in *Heck v. Humphrey*.

## *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without service of process. Plaintiff's attention is directed to the Notice on the next page.

August 28, 2012  
Columbia, South Carolina

Joseph R. McCrorey  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).